IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTHUR HERNANDEZ, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | No. _____ |
| v. | § § | JURY TRIAL DEMANDED |
| FLATONIA INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Defendant. | § § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Arthur Hernandez (referred to as "Plaintiff" or "Hernandez") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Flatonia Independent School District (referred to as "Defendant" or "FISD"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Hernandez's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian

goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. FISD violated the FLSA by employing Hernandez and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. FISD violated the FLSA by failing to maintain accurate time and pay records for Hernandez and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Hernandez brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendant resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Houston Division of the Southern District of Texas.

## III. Parties

8. Hernandez is an individual who resides in Fayette County, Texas and who was employed by FISD during the last three years.

9. FISD is a political subdivision of the State of Texas that may be served with process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.024 by serving the president of the school board or the superintendent.

10. Whenever it is alleged that FISD committed any act or omission, it is meant that the FISD's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of FISD or was done in the routine and normal course and scope of employment of FISD's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

11. FISD is an independent school district located in the territorial jurisdiction of this Court.

12. FISD employed Hernandez as a campus technology specialist from approximately 2006 until approximately June 2013.

13. During Hernandez's employment with FISD, he was covered by the FLSA. 29 U.S.C. §§ 203(c), (e)(2)(C), (x).

14. FISD alternated between paying Hernandez on a salary basis and on an hourly basis.

15. During Hernandez's employment with FISD, he regularly worked in excess of forty hours per week.

16. FISD knew or reasonably should have known that Hernandez worked in excess of forty hours per week.

17. FISD did not pay Hernandez overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

18. Instead, FISD paid Hernandez a fixed sum which did not take into consideration the number of hours worked.

19. FISD knew or reasonably should have known that Hernandez was not exempt from the overtime provisions of the FLSA.

20. FISD failed to maintain accurate time and pay records for Hernandez and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

21. FISD knew or showed a reckless disregard for whether its pay practices violated the FLSA.

22. FISD is liable to Hernandez for his unpaid overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

23. All campus technology specialists employed by FISD are similarly situated to Hernandez because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their

unpaid overtime wages, liquidated damages and attorneys' fees and costs from FISD pursuant to 29 U.S.C. § 216(b).

## V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

24. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

25. During Hernandez's employment with FISD, he was a nonexempt employee.

26. As a nonexempt employee, FISD was legally obligated to pay Hernandez "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

27. FISD did not pay Hernandez overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

28. Instead, FISD paid Hernandez a fixed sum which did not take into consideration the number of hours worked.

29. If FISD classified Hernandez as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the school district's noncompliance with the overtime requirements of the FLSA.

30. FISD knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, FISD willfully violated the overtime requirements of the FLSA.

## VI. Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

31. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

32. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

33. In addition to the pay violations of the FLSA described above, FISD also failed to keep proper time records as required by the FLSA.

## VII. Count Three—Collective Action Allegations

34. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

35. On information and belief, other employees have been victimized by FISD's violations of the FLSA identified above.

36. These employees are similarly situated to Hernandez because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

37. FISD's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

38. Since, on information and belief, Hernandez's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

39. All employees of FISD, regardless of their rates of pay, who were not paid at a rate not less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All computer support specialists employed by FISD during the last three years.

40. FISD is liable to Hernandez and other computer support specialists for the difference between what it actually paid them and what it was legally obligated to pay them.

41. Because FISD knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the school district owes Hernandez and the other computer support specialists their unpaid overtime wages for at least the last three years.

42. FISD is liable to Hernandez and the other computer support specialists in an amount equal to their unpaid overtime wages as liquidated damages.

43. FISD is liable to Hernandez and the other computer support specialists for their reasonable attorneys' fees and costs.

44. Hernandez has retained counsel who is well versed in FLSA collective action litigation and who is prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Jury Demand

45. Hernandez demands a trial by jury.

## IX. Prayer

46. Hernandez prays for the following relief:

   a. An order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. Judgment awarding Hernandez and other computer support specialists all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. Prejudgment interest at the applicable rate;

   d. Postjudgment interest at the applicable rate;

   e. All such other and further relief to which Hernandez and the other computer support specialists may show themselves to be justly entitled.

Respectfully Submitted,

MOORE & ASSOCIATES

By: s/ Melissa Moore
 Melissa Moore
 State Bar No. 24013189
 Curt Hesse
 State Bar No. 24065414
 Lyric Center
 440 Louisiana Street, Suite 675
 Houston, Texas 77002
 Telephone: (713) 222-6775
 Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**